STARK.
August, 1817.

Gleason.
v.
Williams.

PRESENT—TAPPAN, *President;* HOOVER, COULTER AND HENRY, *Associates.*

## GLEASON vs. WILLIAMS.

A witness, who swears that another witness is not of as good character for truth as men in general, may be examined as to how he formed such opinion.
Particular facts may be proven to support the character of a witness, not to impeach it.

CASE—For words.

PLEA—Justification.

HARRIS and HALLOCK, for plaintiff.

GOODENOW and WRIGHT, for defendant.

The plaintiff called a witness, and examined him as to the character of Ray, one of the defendant's witnesses; he stated that his character for truth and veracity, was not good. The counsel for the defendant, on the cross examination, asked who he had heard give Ray, the witness, a bad character? This question was objected to by the plaintiff's counsel.

PRESIDENT.—When a man comes into a court of justice as a witness, he is not supposed to come prepared to explain and defend every transaction of his life; but he is supposed to come prepared to sustain a general good character; hence, you shall not be permitted to give evidence of particular facts and circumstances to impeach his credit, but must confine your enquiries to that general character he is supposed prepared to defend; but the grounds and reasons on which a witness founds his opinion of the bad character of another, may be enquired into in support of the character attempted to be impeached, to shew whether his statement is the result of prejudice or candid observation; whether, in truth, he states what is the general character, or only his

distorted view of it. So, in defence of the character of a witness, particular facts may be gone into. Unless this latitude of examination were permitted, it would be dangerous for any man who had personal or party enemies, to appear as a witness, and courts and juries might be easily deceived to discredit the testimony of men whose real characters were irreproachable. The objection cannot prevail.